# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| NICHOLE FIFFIA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 7:24-CV-18 (WLS) |
| | : | |
| WALMART, INC., | : | |
| | : | |
| Defendant. | : | |
| | : | |

## ORDER

Before the Court is Defendant Wal-Mart, Inc.'s ("Defendant") Partial Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 9). The Court's preliminary review of the briefing reveals that there is substantial disagreement of fact as to the date of Plaintiff's First Charge to the EEOC and the contents of Plaintiff's Second Charge. The Parties appear to contend that the Court's review is limited to the Complaint. (*See* Doc. 9-1 at 4); (Doc. 10 at 7–9). Yet both Parties attach exhibits in support of their motions—suggesting they wish the Court to consider this evidence in ruling on Defendant's 12(b)(6) Motion.

Generally, on a motion to dismiss under Rule 12(b)(6) the Court is limited to the "four corners of the complaint[.]" *E.g.*, *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010). In the Eleventh Circuit, however, exhaustion of administrative remedies is treated as a matter in abatement rather than an adjudication on the merits. *Bryant v. Rich*, 530 F.3d 1368, 1374 (11th Cir. 2008). It is therefore properly raised at the motion to dismiss stage, and a district court may "consider facts outside of the pleadings and resolve factual disputes so long as (1) the factual disputes do not decide the merits and (2) the parties have sufficient opportunity to develop a record. *Bryant*, 530 F.3d at 1376 (enumeration added); *Tillery v. U.S. Dep't of Homeland Sec.*, 402 F. App'x 421, 425 (11th Cir. 2010) ("[T]he general principles relied upon in *Bryant* apply equally to [a] motion to dismiss Title VII . . . claims on exhaustion grounds.") In other words, it is appropriate for the Court to resolve factual issues if the *Bryant* prongs are satisfied.

As a result, the Court will afford the Parties an opportunity to develop the Record as to whether Plaintiff fulfilled the Title VII exhaustion of administrative remedies requirements with respect to her First EEOC charge. And as to the contents of Plaintiff's Second EEOC charge, to the extent relevant to determining whether it was reasonably related to Plaintiff's First Charge. At the hearing, the Court will not hear arguments about the motion to dismiss generally, or argument about the other grounds for dismissal asserted by Defendant. The hearing will be held on **Wednesday, September 11, 2024, at 2:00 P.M.**

**SO ORDERED**, this 24th day of June 2024.

/s/ W. Louis Sands
W. LOUIS SANDS, SR. JUDGE
UNITED STATES DISTRICT COURT

2