IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| NICHOLE FIFFIA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 7:24-CV-00018 (WLS) |
| | : | |
| WALMART, INC., | : | |
| | : | |
| Defendant. | : | |
| | : | |

## **ORDER**

Before the Court is Defendant's Partial Motion to Dismiss (Doc. 9) ("the Motion to Dismiss"). Therein, Defendant moves to dismiss Plaintiff's Title VII Discrimination claim based on an asserted failure to exhaust administrative remedies. For the reasons discussed below, the Motion to Dismiss (Doc. 9) is **DENIED WITHOUT PREJUDICE**. The case will proceed to general discovery.

**I.    Relevant Procedural and Factual Background**

    **A.    Procedural Background**

On February 20, 2024, Plaintiff Nichole Fiffia ("Plaintiff") filed her first Complaint (Doc. 1). She filed the Amended Complaint (Doc. 7), which is the operative complaint and the subject of the instant motion.

Defendant filed its Motion to Dismiss (Doc. 9) on April 22, 2024. Plaintiff filed her Response (Doc. 10) on May 6, 2024. And Defendant filed its Reply on May 17, 2024. From a preliminary review of the filings, the Court determined that a hearing was necessary to address the Motion to Dismiss.

The Court held a hearing on the Motion to Dismiss on October 22, 2024. At that hearing, the Court heard arguments and received evidence. After the hearing, the Court ordered the Parties to confer and advise the Court as to whether the Parties could come to an agreement regarding whether the case should proceed to discovery and, if so, whether such discovery should be bifurcated. The deadline for the Parties to advise the Court of the result

1

of their discussions was October 28, 2024. Five days later, the Parties filed separate, late, Notices (Docs. 18 & 19) on the docket. In those Notices, the Parties advised the Court that they were unable to reach an agreement. (*See* Docs. 18 & 19).

### B. The Allegations

As alleged, Defendant hired Plaintiff to work in the maintenance department at a Wal-Mart Supercenter in August 2023. (Doc. 7 ¶ 14). Soon after Plaintiff was hired, a fellow employee made a number of unwanted verbal and physical sexual advances toward Plaintiff over the course of several weeks. (*Id.* ¶¶ 17, 19, 22, 27, 30). Plaintiff reported the harassment to management and human resources, but they took little action to address the fellow employee's actions. (*See id.* ¶¶ 17–26). A supervisor did, however, tell her "that if she contacted the police, an attorney, or a family member and told them what happened that [Wal-mart] would terminate her." (*Id.* ¶ 24). After Plaintiff reported the harassment, the store reduced her hours. (*Id.* ¶ 33). As a result of the harassment, Plaintiff developed Acute Stress Disorder, a precursor to PTSD. (*Id.* ¶ 39). Plaintiff requested a transfer within the store as an accommodation, but her requests were denied. (*Id.* ¶¶ 41–42).

Count 1 of the Amended Complaint, asserts a Title VII Sexual Harassment Claim. (Doc. 7 ¶¶ 45–52). Count 2 asserts a claim under the Americans with Disabilities Act (*Id.* ¶¶ 53–58). Count 3 asserts a Title VII and ADA Retaliation claim. (*Id.* ¶¶ 59–70). Plaintiff seeks reinstatement, damages, and attorney's fees. (*Id.* at 17).

## II.   LAW AND ANALYSIS

Defendant moves to dismiss Count 1 of the Amended Complaint under Rule 12(b)(6) contending that Plaintiff failed to meet the exhaustion requirements of Title VII with respect to that claim. (Doc. 9-1 at 1). Under Title VII, before a plaintiff may sue for discrimination, she must first exhaust her administrative remedies. *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001) (citing *Crawford v. Babbitt*, 186 F.3d 1322, 1326 (11th Cir. 1999)). The first step, in a non-deferral state such as Georgia, is for a plaintiff to file an EEOC complaint within 180 days of the allegedly discriminatory act or acts. *Watson v. Blue Circle, Inc.*, 324 F.3d 1252, 1258 (11th Cir. 2003) (citing 42 U.S.C. § 2000e-5(e)(1)). Second, once the EEOC has issued a plaintiff a "right-to-sue letter," after their investigation, she may properly initiate a civil action against the respondent within 90 days. *Gant v. Jefferson Energy Co-op.*, 348 F. App'x

433, 434 (11th Cir. 2009) (citing 42 U.S.C § 2000-5(e)(1)). These time limits are not jurisdictional but are conditions precedent to a Title VII claim, operating similarly to statutes of limitations. *Gant*, 348 F. App'x at 434 (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 398 (1982)); *Jackson v. Seaboard Coast Line* Ry., 678 F.2d 992, 1000–10 (11th Cir. 1982).

The Eleventh Circuit requires courts to approach the analysis of when a complainant has received her right to sue on a "case-by-case basis[.]" *Kerr v. McDonald's Corp.*, 427 F.3d 947, 952 (11th Cir. 2005) (quoting *Zillyette v. Cap. One Fin. Corp.*, 179 F.3d 1337, 1340 (11th Cir. 1999)). As such, courts should "fashion a fair and reasonable rule for the circumstances of each case, one that would require plaintiffs to assume some minimum responsibility . . . without conditioning a claimant's right to sue . . . on fortuitous circumstances or events beyond [her] control." *Id.* (quoting *Zillyette*, 179 F.3d at 1340).

Generally, on a motion to dismiss under Rule 12(b)(6) the Court is limited to the "four corners of the complaint[.]" *E.g.*, *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010). Defendant, however, does not challenge the sufficiency of Plaintiff's allegation of exhaustion. (*See generally* Doc. 9-1). Instead, Defendant makes a factual challenge to Plaintiff's claim of exhaustion. (*See generally id.*) Ordinarily, this would not be proper on a motion made under Rule 12(b)(6). *See e.g.*, *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002). But exhaustion of administrative remedies in the Title VII context presents a special case.

The Eleventh Circuit treats exhaustion as a matter in abatement rather than an adjudication on the merits. *Bryant v. Rich*, 530 F.3d 1368, 1374 (11th Cir. 2008). It is therefore properly raised at the motion to dismiss stage. *Id.* But a district court may "consider facts outside of the pleadings and resolve factual disputes so long as (1) the factual disputes do not decide the merits and (2) the parties have sufficient opportunity to develop a record." *Bryant*, 530 F.3d at 1376 (enumeration added); *Tillery v. U.S. Dep't of Homeland Sec.*, 402 F. App'x 421, 425 (11th Cir. 2010) ("[T]he general principles relied upon in *Bryant* apply equally to [a] motion to dismiss Title VII . . . claims on exhaustion grounds.") In other words, it is only appropriate for the Court to resolve factual issues if the *Bryant* prongs are satisfied.

Defendant asserts that the claim in Count 1, Title VII Sexual Harassment, stems solely from Plaintiff's first Equal Opportunity and Employment Commission ("EEOC") charge

3

("First Charge"). (Doc. 9-1 at 1–2).[1] According to Defendant, Plaintiff received her right-to-sue letter with respect to the First Charge on or about October 25, 2023. (*Id.* at 2). However, the action was filed on February 20, 2024, more than 180 days after the date Defendant submits as the date that Plaintiff received her right-to-sue letter. (*See* Doc. 1). As such, Defendant asserts that Plaintiff has failed to meet the Title VII exhaustion requirements with respect to the First Charge and, as a result, the Court should dismiss Count I in its entirety. (Doc. 9-1 at 6–12).

The Court granted a hearing to give the Parties a sufficient opportunity to develop a record with respect this issue. At that hearing, however, it became apparent that the factual issues raised by the Parties were complex and nuanced; and were thus inappropriate to resolve using only the documentary evidence provided by Defendant, or the representations of Plaintiff's Counsel at the hearing. Essentially, Plaintiff's Counsel submits that she received the First Notice of Right to Sue ("First Notice") from the EEOC on November 19, 2024, and exercised due diligence under existing EEOC policies to ensure that notice was received. On the other hand, Defense Counsel submits that Plaintiff's Counsel either knew or should have known that the First Notice was issued on or around October 25, 2023. This disagreement is substantial, and apparently genuine, and the relevant evidence to resolve it would likely be available only with the benefit of discovery. As such, the Court finds that the Parties have not had a sufficient opportunity to develop a record as to whether Plaintiff satisfied her exhaustion requirements with respect to her First EEOC Charge. Under *Bryant*, therefore, it is inappropriate for the Court to resolve Defendant's Motion to Dismiss on the factual grounds asserted.

Accordingly, Defendant's Motion to Dismiss (Doc. 9) is **DENIED WITHOUT PREJUDICE**. Defendant may renew the motion after the close of discovery—at which time the Parties will have had a full and fair opportunity to develop the record as to the grounds for dismissal asserted in the instant motion. However, nothing in this Order should be

---

[1] Plaintiff submitted a second EEOC claim which forms the basis of at least some of her claims. (*See* Doc. 9-1 at 10). At this stage, however, Defendant does not assert that Plaintiff's claims flowing from the second EEOC charge fail to meet the Title VII exhaustion requirements. (*See* Doc. 9-1 at 10).

construed as making any finding with respect to the exhaustion issue as may be independently determined if Defendant renews its motion.

Additionally, at the hearing, the Parties discussed the possibility of bifurcated discovery to address the exhaustion issue first. The Court gave them the opportunity to come to an agreement on the issue, but the Parties have failed to do so. The Court must therefore decide for them. Based on the Parties arguments in the hearing, and upon consideration of the discovery which might be relevant to the exhaustion issue, the Court does not find that bifurcated discovery is appropriate here. And allowing such discovery would create significant, and unnecessary, delay in the disposition of the case. As such, the Court will allow general discovery to proceed after Defendant has filed an answer. That answer shall be submitted no later than twenty-one (21) days after the entry of this Order or no later than **Friday, November 29, 2024**. Thereafter, the Court will notice a scheduling and discovery conference by separate order or notice.

**SO ORDERED**, this 8th day of November 2024.

                                            **/s/ W. Louis Sands**
                                            **W. LOUIS SANDS, SR. JUDGE**
                                            **UNITED STATES DISTRICT COURT**